### FELDMAN v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

1. CARRIERS ⬅➙347(4)—INJURIES TO PASSENGERS—DEFENSE—CONTRIBUTORY NEGLIGENCE.

It cannot be held as matter of law that one who boards a crowded street car is guilty of contributory negligence, but that question is for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1355, 1356, 1367, 1368, 1402; Dec. Dig. ⬅➙347(4).]

2. CARRIERS ⬅➙320(4)—INJURIES TO PASSENGERS—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

It is error to dismiss the complaint of a passenger, seeking recovery for injuries when he was forced from a crowded moving street car, where his testimony that the conductor's pushing with his hands in an effort to collect fares forced him from the car, and that he was not contributorily negligent, was corroborated by a disinterested witness.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1315, 1319, 1320; Dec. Dig. ⬅➙320(4).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Abraham Feldman against the New York Railways Company. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Mordecai P. Springer, of New York City, for appellant.

James L. Quackenbush, of New York City (William J. Sheils and Joseph S. Meadow, both of New York City, of counsel), for respondent.

GUY, J. The action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff after he had become a passenger on one of defendant's cars.

[1] Plaintiff testified that he got on the car when it was "very crowded"; that he stood at the entrance to the door of the car; that the conductor stood in the door of the car "singing out for fare"; that he pushed with his hands; that the people were crowded one against the other, and the people gave him a push outside in front, and he fell off the car; that the push was a heavy push. It could not be held as matter of law that the plaintiff was guilty of contributory negligence in boarding a crowded car. Cattano v. Metropolitan Ry. Co., 173 N. Y. 566, 66 N. E. 563. The question of plaintiff's contributory negligence was therefore one for the jury.

[2] There was also sufficient evidence to go to the jury on the question of defendant's negligence, viz., whether the pushing against plain-

tiff by other passengers was caused by the effort of the conductor to collect fares, in doing which he "pushed with his hands." Lcher v. Steinway Co., 118 N. Y. 556, 23 N. E. 889; Cattano v. Metropolitan Ry. Co., supra. Plaintiff's testimony as to both of these issues was corroborated by the testimony of a disinterested witness. The learned court, therefore, erred in dismissing the complaint.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.